526 So.2d 179 (1988)
Paul J. SALMONTE, Appellant/Cross-Appellee,
v.
Richard A. EILERTSON and Mildred C. Eilertson, Appellees/Cross-Appellants.
No. BQ-427.
District Court of Appeal of Florida, First District.
June 1, 1988.
*180 James C. Cumbie of Howell, Liles, Braddock & Milton, Jacksonville, for appellant/cross-appellee.
Christopher G. Burns of Mahoney, Adams, Milam, Surface & Grimsley, P.A., Jacksonville, for appellees/cross-appellants.
PER CURIAM.
This cause is before us on appeal and cross appeal of a jury verdict in a landlord-tenant dispute, allowing the tenant to keep possession but awarding him nothing on his counterclaim. The trial court also denied the parties' respective motions for costs and attorney fees. The tenant appeals the denial of costs and fees, while the landlords cross-appeal as to denial of possession and fees.
The relevant facts are that Paul Salmonte, the tenant, leased the Eilertsons' Florida home in September 1985. The landlords lived in Houston, Texas, and sometimes returned to inspect the house. In May 1986, they began inspecting more frequently than the tenant liked, so he began refusing entrance to the landlords and the pest control service. During the landlords' inspections, they discovered various unauthorized changes or breaches of the lease agreement, including keeping pets and changes in the carpeting, wallpaper, locks, and wiring. One of the landlords' rugs had been moved from the house to the garage and had a car parked on it. The landlords soon filed a complaint for eviction. The tenant asserted retaliatory eviction as an affirmative defense and as a basis for a counterclaim. The tenant admitted, however, the unauthorized pets, rug, and other violations.
The judgment below must be reversed. The tenant admitted breaching the lease. In view of the tenant's admissions in that regard, the jury's failure to award possession to the landlords could only be based on the retaliatory eviction defense. That defense, however, could not be raised because Section 83.64(3), Florida Statutes, provides that the defense does not apply when the landlord proves that the eviction is for good cause, and further defines good cause to include "violation of the rental agreement." Because the landlords had good cause to evict, the trial court erred in denying the landlords' motion for directed verdict.
The judgment below is reversed, and the cause is remanded with directions to enter judgment for appellees. Attorney fees and costs are granted appellees, the amount to be fixed by the trial court on remand.
BOOTH, THOMPSON and WIGGINTON, JJ., concur.